PAULINE HARVEY GARLOCK, Appellant, *v.* OLIN J. GARLOCK, Respondent.

Fourth Department, June 28, 1938.

*Robert T. Dwyer,* for the appellant.

*Keith D. Poland,* for the respondent.

CROSBY, J. This is an appeal by plaintiff from a judgment and order dismissing the complaint. The motion for dismissal is made on the pleadings and affidavits, pursuant to rule 113 of the Rules of Civil Practice. The action is brought on a written contract entered into between a husband and wife. The contract is under seal. In the preamble it recites that the parties " are husband and wife, and reside together as such," and no where in the contract is it hinted that the parties contemplate a separation. Nowhere in the pleadings or affidavits does it appear that the parties have separated.

The contract provides that the husband, defendant here, will pay to his wife, the plaintiff, $15,000 per annum, in equal monthly installments during her life, to " be used by her for her support and maintenance," and that such payments " shall be in lieu of and in release of any and all obligations which the [husband] otherwise has or shall have to support and maintain [the wife]." The contract also provides that, in case the wife has any sickness or accident to her person, the expenses occasioned thereby " shall not be included in the * * * sums to be paid to her by [the husband] and that the same shall remain the obligation of the [husband]."

The husband paid the wife the stipulated amounts for nearly three years, and then defaulted, and the action is brought to recover the $1,250 that became due, under the contract, on March 1, 1938.

The Special Term dismissed the complaint on three grounds, viz.: (1) That the contract was not based on a valuable and sufficient consideration; (2) that the contract is void under section 51 of the Domestic Relations Law; and (3) that the contract is void as against public policy.

I do not see that the contract is void under section 51 of the Domestic Relations Law. Under that section married women are free to make contracts with any one, even their husbands. The only exceptions are (1) that the marriage itself cannot be altered or dissolved, and (2) that no contract made with the wife can relieve the husband of his duty to support her. The contract in question does not attempt to affect the marriage, and, far from relieving the husband from his duty to support his wife, it defines that duty in terms of money sufficient, it would seem, for the fulfillment of that duty.

And I do not believe that any public policy is here involved. Nothing in the contract threatens the home, or tends to cast upon the public any financial burden which the parties, or either of them, ought to bear.

The next question is: Has the wife paid or promised anything which furnishes a good consideration for the husband's obligation

to pay her $15,000 a year? The implied promise by the wife to continue the marriage relation was merely her legal and social duty. The only other consideration is the promise by the wife to accept the $15,000 in lieu of all the duties which her husband owed her by way of support.

Contracts by husbands to pay stipulated sums of money in lieu of all other support have been upheld in cases where the parties agreed to live separate and apart from each other. (*Winter* v. *Winter*, 191 N. Y. 462; *Matter of Burridge*, 261 id. 225.)

It is difficult to see how it makes any difference that the parties live together. In either case the sum agreed to be paid represents the consensus of opinion of the parties as to what is a fair money equivalent of the husband's performance of his legal duty to support his wife. And if the amount which the husband pays for the wife's support is sufficient for the purpose, he is protected from further liability even as against the public. (*Wanamaker* v. *Weaver*, 176 N. Y. 75.)

Stated in the simplest terms, the case comes to this: The husband owes the legal duty to support his wife. The law forbids the making of any contract which would relieve him from that duty. Except for that prohibition the husband and wife may contract with each other. Based upon their past experience, husband and wife are best qualified to judge the amount required for the wife's support. They are at liberty to reduce to a certainty the amount of money which the husband will pay to discharge an obligation which might cost him more or less than what he has agreed to pay.

The defendant husband has by his answer raised some issues which will have to be tried. The judgment and order dismissing the complaint should be reversed on the law, with costs to the appellant to abide the event, and motion denied, with ten dollars costs.

All concur, except LEWIS and TAYLOR, JJ., who dissent and vote for affirmance upon the ground that the agreement upon which plaintiff rests her claim is void as against public policy and is not based upon a consideration which is sufficient in law. Present — CROSBY, LEWIS, CUNNINGHAM, TAYLOR and DOWLING, JJ.

Judgment and order reversed on the law, with costs to the appellant to abide the event, and motion denied, with ten dollars costs.